## No. 14,329.

SPEARS' FREE CLINIC AND HOSPITAL FOR POOR CHILDREN *v.*
WILSON, MANAGER OF REVENUE, ETC.
(84 P. [2d] 66)

Decided October 24, 1938.

Mr. FRANK SEYDEL, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS H. GIBSON, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

SPEARS' Free Clinic and Hospital for Children is a non-profit corporation organized for strictly charitable purposes. It owns two apartment houses in Denver and the two lots on which they stand, as well as an adjacent lot, which is vacant and is alleged to be held for the purpose of constructing a hospital thereon as soon as the cor-

poration's financial condition will permit. The property is not used by the corporation itself, but is rented to tenants in the usual way. All the income from rentals is devoted to carrying out the corporate purposes. It is contended that under these facts and circumstances the corporation is entitled to exemption from taxation on the property. The district court issued a temporary injunction restraining Denver's manager of revenue, as ex officio assessor and treasurer, from proceeding to sell the property for unpaid taxes levied thereon, but later dismissed the case. The judgment of dismissal is before us for review.

When this action was brought, section 5 of article X in the Colorado Constitution, under which the exemption was claimed, read as follows: "Lots, with the buildings thereon, if said buildings are used solely and exclusively for religious worship, for schools, or for strictly charitable purposes, also cemeteries not used or held for private or corporate profit, shall be exempt from taxation, unless otherwise provided by general law."

Inasmuch as the corporation does not occupy the property, it was not entitled to the exemption thus provided, even under the liberal interpretation of that provision heretofore given by this court. None of our decided cases went to the extent now urged. To permit the exemption claimed would mean that this court deliberately disregarded the Constitution as to the pertinent part of the section quoted. We cannot lawfully do so, no matter how meritorious may be the charity represented by the plaintiff in error.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND not participating.