No. 14,377.

CITY TEMPLE INSTITUTIONAL SOCIETY OF DENVER *v.*
McGUIRE, MANAGER OF REVENUE.
(87 P. [2d] 760)

Decided February 20, 1939.

Mr. CLAUDE W. BLAKE, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS H. GIBSON, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.
ACTION by plaintiff in error against the taxing officials of the City and County of Denver to set aside and hold for naught all assessments, levies and imposition of taxes, and to restrain imposition of taxes upon an apartment house owned by it. The judgment below was in favor of the city, and was based on the order sustaining its demurrer to the complaint. It is to reverse that judgment that the writ of error was prosecuted.

Immunity from taxation is sought under section 5 of article X of our state Constitution exempting, unless otherwise provided by general law, all property "used solely and exclusively * * * for strictly charitable purposes," on the theory that all revenue derived from the rental of the building is so used "for strictly charitable purposes."

The City Temple Institutional Society of Denver, a corporation, maintains and conducts an institution known and designated as "The Clifton Hughes Training School for Girls," located at 6925 East 8th Avenue, which "shelters, feeds, clothes and provides protection to a continuous average population of twenty-five dependent and otherwise homeless girls between the ages of twelve and sixteen years," all of whom are without other visible means of support. The real property for which exemption is sought is located in another part of the city, and plaintiff in error admits that said apartment building is "leased * * * to private families or individuals at and for certain monthly rentals," but contends that since all of the net proceeds from the rentals are used exclusively for the support and maintenance of said Clifton Hughes Training School for Girls, that the apartment building should be exempt from taxation.

Its counsel seeks to distinguish this case from that of *Spears' Free Clinic v. Wilson,* 103 Colo. 182, 84 P. (2d) 66, because, he urges, there was no showing in the latter case that the "burden of government" was lessened by the work of the clinic. While it may be true that one charity may decrease the burden of government more than another, we have no occasion to pass on such a controversial matter, because the ground on which the Spears case was decided was that "the corporation does not occupy the property." 61 C. J. 461.

We think that case and this are sufficiently analogous to require the same disposition.

Judgment affirmed.

Mr. Justice Bock not participating.